ROBERT COWLING, SPECIAL ADMINISTRATOR OF ESTATE OF HERMAN A. MALMEN, v. CITY OF ST. PAUL AND ANOTHER.[1]

June 15, 1951.

No. 35,370.

*William M. Serbine,* Corporation Counsel, and *Marshall F. Hurley,* Assistant Corporation Counsel, for appellant.

*Robert Cowling* and *Louis G. Nagler,* for respondent.

MATSON, JUSTICE.

Appeal by defendant city from an order denying its motion for a new trial.

Plaintiff, as special administrator of the estate of Herman A. Malmen, deceased, brought this action against the city of St. Paul and Grudem Brothers Company, Inc., to recover damages under M. S. A. 573.02 for decedent's wrongful death. Later the action was dismissed as to Grudem Brothers Company with prejudice and without costs.

On July 6, 1948, on or about six o'clock in the evening, decedent was standing on a safety island located at the intersection of Vandalia street and University avenue in St. Paul, Minnesota. At that time, Leo D. Aldrich was driving a truck owned by defendant Grudem Brothers Company about 20 to 25 miles per hour in a westerly direction on University avenue in the streetcar lane. Observing that a car coming in the opposite direction swerved to pass another car, Mr. Aldrich swerved the truck to his right toward the safety island, on which Mr. Malmen was standing, to avoid the oncoming car. As a result, the right front corner of the body of the truck—it had a stake body—struck the bumper block on the safety island, and because of the force of the impact the bumper block fell on Mr. Malmen, thereby causing his death. The deceased was survived by a wife and four children.

The design of the safety island and bumper block involved herein is adequately described in Paul v. Faricy, 228 Minn. 264, 37 N. W. (2d) 427. The island in the Paul case was situated on the south side of University avenue at its intersection with Vandalia street; here the island was situated on the north side. Here, as in the

Paul case, injury resulted to a pedestrian standing upon the safety isle platform when a 4,200-pound bumper block standing on end was caused to tip over upon the pedestrian when it was struck *above its center of gravity* by a colliding motor vehicle.

In the instant case, the trial court directed a verdict for plaintiff against the city of St. Paul on the basis of this court's decision in the Paul case, and instructed the jury to determine the amount of damages which should be awarded. Defendant city of St. Paul made a motion for judgment notwithstanding the verdict or for a new trial, which was wholly denied. It appeals from that part of the order which denied its motion for a new trial.

Did the trial court err in directing a verdict against defendant city on the issue of negligence on the theory that, pursuant to our former decision, the city was negligent as a matter of law? In the Paul case (228 Minn. 264, 37 N. W. [2d] 427), the defendant city of St. Paul appealed from an order, in each of two cases, denying its blended motion for judgment notwithstanding the verdict or a new trial. Upon review, we held that the city was negligent as a matter of law in giving its approval to the adoption of a plan of safety-island construction which contained a defect that was wholly unnecessary and so palpably dangerous that no reasonably prudent man would approve its adoption. Although the city was held negligent as a matter of law in approving a defective plan of construction, we granted a new trial for error in the admission of evidence of prior accidents and for an error in instructing the jury that it might consider whether the accident was caused by the negligence of the city in the *maintenance* of the safety island. A new trial was thought necessary for the reason that the erroneous admission of evidence of prior accidents—as well as the error as to responsibility for the *maintenance* of the safety island—was prejudicial. Although our former opinion does not so expressly state and although the verdicts were not necessarily excessive, the errors indicated above may have influenced the jury to award a higher amount of damages than it would otherwise have done. Although plaintiffs upon appeal in that case did not contend that the verdicts,

upon the issue of the city's negligence, were right as a matter of law, the new trial ought nevertheless to have been limited solely to the issue of damages. The writer assumes his full share of responsibility for such error. In inadvertently granting a new trial upon all issues, *justifiable* doubt has arisen as to whether we held defendant city negligent as a matter of law. In clarification, we now expressly hold that our former decision in the Paul case is to be construed as holding defendant city negligent as a matter of law.

Under the authority of our former decision of Paul v. Faricy, 228 Minn. 264, 37 N. W. (2d) 427, *as clarified herein,* the order of the trial court is affirmed.

Affirmed.

