DENNIS WAYNE PAUL v. JAMES L. FARICY AND OTHERS.
ELMER L. PAUL v. SAME.
CITY OF ST. PAUL, RESPONDENT.[1]

June 15, 1951.

Nos. 35,344, 35,345.

---

[1]Reported in 48 N. W. (2d) 524.

See, Paul v. Faricy, 228 Minn. 264, 37 N. W. (2d) 427, and Cowling v. City of St. Paul, 234 Minn. 374, 48 N. W. (2d) 430.

*Briggs, Gilbert, Morton, Kyle & Macartney,* for appellants.

*William M. Serbine,* Corporation Counsel, and *Marshall F. Hurley,* Assistant Corporation Counsel, for City of St. Paul, respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeals from two orders of the district court denying plaintiffs' motions for a new trial.

Two separate actions were consolidated for trial—one by Dennis Wayne Paul, a minor, by his father and natural guardian, for damages for personal injuries to the minor, and the other by Elmer L. Paul, father of the minor, for expenses incurred by reason of such injuries. Identical motions were made in each case based on exactly the same grounds.

The facts which give rise to these actions are set forth in the opinion of this court on the former appeal. Paul v. Faricy, 228 Minn. 264, 37 N. W. (2d) 427.

In view of our decision in Cowling v. City of St. Paul, 234 Minn. 374, 48 N. W. (2d) 430, filed herewith, the only assignment of error we need consider is whether the trial court erred in denying plaintiffs' motions for directed verdicts on the issue of negligence

of defendant city, leaving only the question of damages to the jury.

It is our opinion that the trial court should have directed a verdict in each case against defendant city on the issue of negligence and should have submitted only the question of damages to the jury. Cowling v. City of St. Paul, *supra.*

Reversed with instructions to the trial court to direct verdicts for plaintiffs against defendant city on the issue of negligence and to grant a new trial on the issue of damages only.

Reversed.